IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JUN 7 - 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action NO. H-00-4201 |
| EL PASO PRODUCTION COMPANY f/k/a SONAT EXPLORATION COMPANY, | § § § § § § | |
| Defendant. | § § § | |

ORDER

Pending before the Court is the Motion to Dismiss or to Stay (Document # 3) filed by Defendant El Paso Production Company. Having considered the motion, submissions of the parties, and applicable law, the Court determines that the motion should be granted in part and denied in part.

Plaintiff Lumbermens Mutual Casualty Company ("Lumbermens") filed a declaratory judgment action, seeking a declaration of their obligations pursuant to a Master Service Agreement ("MSA") between Defendant El Paso Production Company ("El Paso") and Cudd Pressure Control, Inc. ("Cudd"), Plaintiff's insured. The MSA, entered into by El Paso and Cudd on May 5, 1998, required Cudd to obtain

#10

coverage for El Paso's benefit. Cudd contracted with Lumbermens and obtained excess commercial catastrophe liability insurance. Lumbermens now denies any obligation to defend or indemnify El Paso for losses arising from an October 1998 well blowout.

Several suits (including what the parties refer to as the "Miller" suit and the "Creel/Parker" suit) were filed in state court based on injuries and deaths related to the well blowout. In the Miller suit, El Paso and the plaintiffs in that suit engaged in mediation and were able to reach a settlement. Lumbermens, however, was not given an opportunity to participate in the mediation. In the Creel/Parker suit, a partial summary judgment motion dealing with Cudd's obligation to indemnify El Paso is currently pending. Additionally, El Paso initiated a suit in the 71st Judicial District Court in Harrison County, Texas, against both Cudd and Lumbermens asserting the same issues presently raised in the instant suit. The suit in the 71st Judicial District was filed prior to the instant action.

The Federal Declaratory Judgments Act, 28 U.S.C. § 2201, confers on district courts a jurisdictional basis to hear suits seeking declaratory relief. 28 U.S.C. § 2201(a) (2001). However, the exercise of jurisdiction is permissive rather than compulsory; district courts are under no obligation to decline or grant declaratory judgment. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942). The central question for a district

court presented with a suit under the Declaratory Judgment Act is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in state court." *Wilton*, 515 U.S. at 282 (citing *Brillhart,* 361 U.S. at 495). To aid the district court in answering this question, *Wilton* sets out a number of factors to be considered: (1) the scope of the pending state court proceeding and the available defenses; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether necessary parties have been joined; and (4) whether such parties are amenable to process. *Wilton*, 515 U.S. at 283 (citing *Brillhart*, 361 U.S. at 495).

In the case before the Court, there is a parallel state court proceeding between the same parties. The state court suit pending in Harrison County encompasses the same coverage issues raised by Plaintiff in this action. In addition, any defenses available to the parties in this Court are also available in state court. All interested parties are represented in the Harrison County suit and the claims of the parties may be satisfactorily adjudicated by that court. When a parallel state court suit exists that provides the same opportunity for resolution of the state law issues, "a district court might be indulging in 'gratuitous interference' if it permitted the federal declaratory action to proceed." *Id.* Thus, the Court finds that exercising jurisdiction over the declaratory judgment action is inappropriate at this time given the pendency of the

parallel state court action.

"[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton*, 515 U.S. at 288.

Based on the foregoing, the Court hereby

ORDERS that Defendant's Motion to Dismiss or to Stay (Document #3) is GRANTED IN PART and DENIED IN PART. This action is hereby STAYED pending resolution of *El Paso Production Company (f/k/a Sonat Exploration Company) v. Cudd Pressure Control, Inc., and Lumbermens Mutual Casualty Co.*, No. 00-0775, in the 71st Judicial District Court of Harrison County, Texas.

This case is ADMINISTRATIVELY CLOSED.

SIGNED at Houston, Texas, on this __6__ day of __June__, 2001.


DAVID HITTNER
United States District Judge